IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WILLIS SHANE GORDON,

                              Petitioner,

        v.                                      CASE NO. 07-3032-SAC

RESPONDENT (first and last name unknown)

                              Respondent.



MEMORANDUM AND ORDER

        This matter is before the court on a petition for habeas corpus

relief and motion for emergency injunctive relief, filed pro se by

a prisoner confined in the Barton County Jail in Great Bend, Kansas.

Having reviewed the record, the court liberally construes

petitioner's pleading as seeking relief under 28 U.S.C. § 2241,[1] and

grants petitioner leave to proceed in forma pauperis.

        Petitioner seeks a court order requiring federal authorities to

take petitioner and his family into protective custody to prevent

future harm pursuant to a child in need of care proceeding in the

state courts.  Petitioner contends the State of Kansas will force

his wife against him, and will kidnap his children and subject them

_____

        [1]Petitioner explicitly states his pleading is not filed under
28 U.S.C. § 2254, and given the nature of petitioner's allegations,
the court finds there would be no legal basis for construing the
petition as seeking relief under that statute.
        In a later filed supplemental pleading, petitioner asserts
jurisdiction under RICO, 18 U.S.C. § 1961 et seq., but the court
finds no legal or factual basis for any such claim.

Dockets.Justia.com

to drugs prescribed by state agents.  Petitioner alleges legal error in the state proceeding, and believes this is part of an overall plan by the State of Kansas to increase supervision in families for the purpose of unlawfully obtaining federal funds.  Petitioner also broadly claims his present confinement violates his constitutional rights.

To the extent petitioner seeks federal intervention or review of any state court judgment or interlocutory order entered in the cited child in need of care proceeding, it is recognized that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate any such claim.  *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  *See also* Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000)(Rooker-Feldman doctrine bars review of final judgments and interlocutory orders entered by state courts).  Federal courts do not have jurisdiction under the habeas statutes to consider collateral challenges to state child-custody decisions.  Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 512 (1982). And it is well established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child.  Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)(*internal citation and quotation marks omitted*).

Additionally, even if non-habeas federal jurisdiction could be assumed under the circumstances, abstention from exercising such jurisdiction would be proper.  *See* Younger v. Harris, 401 U.S. 37

(1971)(narrowly proscribing federal injunctions and declaratory relief that interfere with on-going state criminal proceedings); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975)(extending Younger doctrine to civil proceedings). *See also* Alferez ex rel. Calderon v. Chronister, 41 F.Supp.2d 1238 (D.Kan. 1999)(Younger abstention was appropriate course of action with respect to mother's claims that likely removal of child from mother would result from state agency's application of unconstitutional policies or practices). "The Younger doctrine, which counsels federal court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." Moore v. Sims, 442 U.S. 415, 423 (1979). "We are unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation." Id. at 435.

To the extent petitioner may be seeking habeas relief on allegations of constitutional error in his present pretrial confinement, there is nothing to indicate petitioner has exhausted state court remedies on any such claim. *See* Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). Petitioner identifies no valid basis for excusing his apparent failure to do so. *See generally* Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(absent a demonstration

of futility, a habeas petitioner seeking relief under 28 U.S.C. §
2241 is required to first exhaust available state remedies).

IT IS THEREFORE ORDERED that petitioner is granted leave to
proceed in forma pauperis in this habeas corpus action filed under
28 U.S.C. § 2241.

IT IS FURTHER ORDERED that to the extent petitioner seeks
relief under 28 U.S.C. § 2241 concerning his present confinement,
any such claim is dismissed without prejudice.

IT IS FURTHER ORDERED that all remaining claims and motions are
dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 28th day of February 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge